# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENDRA FRENCH,

        Petitioner,    :        Case No. 1:25-cv-00288

  - vs -                            District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

WARDEN, Dayton
 Correctional Institution,

                              :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY;
## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Kendra French to obtain relief from her convictions for felonious assault with a firearm specification in the Common Pleas Court of Hamilton County, Ohio (Petition, ECF No. 1).  After preliminary review, Magistrate Judge Peter B. Silvain, Jr.[1], ordered Respondent to file and answer and the required State Court Record (ECF No. 5).  Respondent, represented by the Ohio Attorney General, filed the State Court Record, but instead of an answer, filed the pending Motion to Dismiss (ECF No. 8).

Judge Silvain then advised Petitioner of her deadline for opposing the Motion to Dismiss (ECF No. 9).  Per S. D. Ohio Civ. R. 7.2, the deadline was September 4, 2025. *Id.*  That deadline was later extended by Judge Silvain to September 26, 2025 (ECF No. 12).

---

[1] The Magistrate Judge reference in the case has recently been transferred to the undersigned pursuant to Amended General Order 25-02 (ECF No. 15).

1

Instead of filing a memorandum in opposition to the Motion to Dismiss, Petitioner filed the pending Motion to Stay Federal Proceedings (ECF No. 13) which Respondent has timely opposed (ECF No. 14).

**Litigation History**

A Hamilton County grand jury returned an indictment of Petitioner on two counts of felonious assault with a firearm specification on June 6, 2022 (Indictment, State Court Record, ECF No. 7, Ex. 1).  The case was tried to the bench and Petitioner was convicted. *Id.* at Ex. 5.  She appealed to the First District Court of Appeals (*Id.* at Ex. 7) raising the following assignments of error:

> **One:**  The trial court, as trier of fact, lost its way and created a manifest miscarriage of justice in convicting Appellant of both counts of Felonious Assault; therefore, Appellant's convictions were against the manifest weight of the evidence.
>
> **Two:**  The trial court abused its discretion in not allowing evidence of Anthony Jackson's prior criminal history, in violation of Appellant's right to Due Process, a fair trial, and to confront and cross-examine witnesses under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

(Appellant's Brief, State Court Record, ECF No. 7, Ex. 8).

On April 3, 2024, the First District Court of Appeals overruled both assignments of error and affirmed the trial court judgment (Opinion, State Court Record, ECF No. 7, Ex. 11).  The Supreme Court of Ohio granted French leave to file a delayed notice of appeal, but then declined to exercise jurisdiction over that appeal. *Id.* at Exs. 14 and 16.  On August 12, 2024, French filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Id.* at Ex. 17.  On August

12, 2025, the Common Pleas Court dismissed the Post-Conviction Petition for lack of jurisdiction because it was filed late (ECF No. 10).

As noted above, instead of opposing the Motion to Dismiss, French filed the pending Motion to Stay on September 22, 2025. In that motion she says nothing about appealing the dismissal of her post-conviction petition. The time for doing so expired September 11, 2025. Instead, she says she has five claims she wishes to exhaust by filing a delayed application for reopening under Ohio R. App. 26(B).

## Analysis

**Motion for Stay**

To decide the two pending motions, one must distinguish between claims which are unexhausted and those which are procedurally defaulted. Unexhausted claims are those which have not been presented to the state courts, but where a state court remedy is still possible. Defaulted claims are those which could have been presented to the state courts but were not and the state court remedy is no longer available.

If the state court remedy is still available to a petitioner, a district court has authority to stay the habeas case pending exhaustion. *Rhines v. Weber*, 544 U.S. 269 (2005). The remedy Petitioner says she seeks to exhaust is a delayed application for reopening under Ohio R. App. P. 26(B). Rule 26(B) was adopted by the Ohio Supreme Court to fill the gap in state procedure created by *State v. Murnahan*, 63 Ohio St. 3d 60 (1992), which held that a claim of ineffective assistance of appellate counsel could not be brought in a petition for post-conviction relief under

3

Ohio Revised Code § 2953.21. Rule 26(B) proceedings are available to correct deprivation of effective assistance of appellate counsel and no other claims. The only place Petitioner mentions appellate counsel in her Motion to Stay is a claim that appellate counsel "ignored record claims." (Motion, ECF No. 13, PageID 970). All other claims outlined in her Motion are about weight of the evidence or judicial bias or trial counsel's errors. "Ignore record claims" is so vague it does not state a claim upon which relief could be granted; it does not tell the reader what those claims are that should have been raised. There is certainly no good cause under *Rhines* to stay this case on the basis of the claims Petitioner says she wants to raised in a delayed 26(B) application.

The second reason why there is no good cause to stay under *Rhines* is that a 26(B) application now would be grossly untimely. Rule 26(B) requires that an application to reopen be filed within ninety days of the appellate judgment. In noncapital cases, the timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision. *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008)(noting that *Franklin* was a capital case); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

Petitioner's time to file a 26(B) application expired July 2, 2024. While it is true that an Ohio court of appeals can accept a delayed application, Petitioner has suggested no good cause for her delay. Good cause can excuse the lack of a filing only while it exists, not for an indefinite period. *State v. Fox,* 83 Ohio St. 3d 514 (1998).

Because a Rule 26(B) application is not an available remedy for the claims Petitioner wishes to raise, her Motion for Stay is DENIED.

4

**Motion to Dismiss**

Respondent has moved to dismiss the Petition because Petitioner's claims are procedurally defaulted. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first

5

> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

In Ground One, Petitioner challenges the application of Ohio self defense law to her case. As noted in the Motion to Dismiss, this claim was not raised on direct appeal, although it would clearly be available on the face of the record on appeal. It would therefore be *res judicata* if now raised in any Ohio court proceedings. *State v. Perry,* 10 Ohio St. 2d 175 (1967)

Petitioner's Ground Two on the separation of witnesses was available on direct appeal but not raised there. It was raised in the Petition for Post-Conviction relief which was dismissed as untimely and not, so far as the Court is advised, appealed. Other sub-claims in Ground Two were not included in the post-conviction petition.

Petitioner's claim of judicial bias in Ground Three is based on the record and should therefore have been raised on direct appeal. Because it was not, it is also procedurally defaulted.

Petitioner's Ground Four asserts ineffective assistance of trial counsel. All of these claims could have been but were not raised on direct appeal. Finally, Ground Five depends on record evidence and should have been raised on direct appeal.

When faced with Respondent's claims of procedural default, Petitioner did not suggest any excusing cause and resulting prejudice, but instead moved to stay. As shown above, this case is not suitable for a stay under *Rhines* which would not cure the defaults. Because all claims made

in the Petition are procedurally defaulted, the Petition should be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge has denied[2] the requested stay and respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 18, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

---

[2] A motion to stay is within the decisional authority of a Magistrate Judge, motions to dismiss, however, required a recommended disposition. 28 U.S.C. § 636(b).