**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

KENDRA FRENCH,

    Petitioner,

               v.

WARDEN, Dayton Correctional Institution,

    Respondent.

Case No. 1:25cv00288

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the December 18, 2025 Report and Recommendations ("R&R") filed by the Magistrate Judge (Doc. 16), in which he recommends that Kendra French's Petition for a Writ of Habeas Corpus[1] be dismissed with prejudice and that a certificate of appealability be denied.

Proper notice was given to Petitioner (who proceeds *pro se*) under Fed. R. Civ. P. 72(b), including notice that she may forfeit rights on appeal if she failed to file objections to the R&R in a timely manner.[2]  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Because Petitioner was served by mail, pursuant to Fed. R. Civ. P. 6(d) an additional 3 days were added (to the 14 days prescribed by Rule 72).  Accordingly, Petitioner's objections were due no later than January 5, 2026.  Finding that no objections had been filed and the time to do so had passed, on January 6, 2026 the undersigned accepted and adopted the R&R, dismissed the Petition in its entirety with prejudice, and denied Petitioner a certificate of appealability.

---

[1] Respondent filed the State Court Record (Doc. 7) followed by a Motion to Dismiss (Doc. 8).  In response, Petitioner filed a motion for stay and abeyance.  (Doc. 13).

[2] *See also* 28 U.S.C. § 636(b)(1)(C).

1

The next day, January 7, 2026, Petitioner's motion for an extension of time to file objections was received (and filed) by the Clerk. (*See* Doc. 19). Mailed in an ODRC[3] envelope marked "INMATE FREE LETTER," postage was applied on December 31, 2025 (via Pitney Bowes software) and cancelled on January 5, 2026. (*Id.* PAGEID 1001). The Magistrate Judge correctly noted that Petitioner's motion was moot. (*See* 01/07/2026 Notation ORDER). But because the postal markings indicate that it was placed in the prison mail system on December 31, 2025, well within the time to object, the undersigned concluded that Petitioner's motion was timely under *Houston v. Lack*, 487 U.S. 266 (1988). Thus, Petitioner's motion for an extension of time was granted.[4] The Clerk was instructed to reinstate (as pending on the docket) Respondent's Motion to Dismiss (Doc. 8) as well as the December 18, 2025 R&R (Doc. 16). The Clerk was further instructed to vacate both the Order issued on January 6, 2026 (Doc. 17) as well as its accompanying judgment (Doc. 18).

To date, no objections to the R&R (Doc. 16) have been filed and the (extended at Petitioner's request) time to do so (on or before February 2, 2026) has passed.

The R&R (Doc. 16) of the Magistrate Judge is hereby **ACCEPTED** and **ADOPTED.** Consistent with the recommendation by the Magistrate Judge, the Petition (Doc. 1) is **DISMISSED** in its entirety **with prejudice**. Because reasonable jurists would not disagree with this conclusion, Petitioner is **DENIED** a certificate of appealability. The Court **CERTIFIES** that any appeal to the United States Court of Appeals for the Sixth Circuit would be objectively frivolous and, consequently, Petitioner is **DENIED** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

 s/ *Michael R. Barrett*
JUDGE MICHAEL R. BARRETT

---

[3] "ODRC" is an acronym for the Ohio Department of Rehabilitation & Correction. Petitioner is in ODRC custody.

[4] Petitioner asked for an extension until January 31, 2026. (*See* Doc. 19 PAGEID 1000). But because January 31 fell on a Saturday, the undersigned granted an extension through Monday, February 2, 2026 in accordance with Fed. R. Civ. P. 6(a)(1)(C). (*See* Doc. 21).